CHIQUÉS, DEMANDANTE Y APELANTE, *v.* DIEZ, JUEZ MUNICIPAL, ET AL., DEMANDADOS Y APELADOS, Y SANTIAGO, INTERVENTOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en recurso de *certiorari.*

MOCIÓN del interventor y apelado para que se desestime la apelación.

No. 1779.—Resuelto en marzo 14, 1918.

DESESTIMACIÓN DE APELACIÓN—ELIMINACIÓN DE LA EXPOSICIÓN DEL CASO.—Eliminada de la transcripción de autos la exposición del caso por orden de la corte sentenciadora, no por ello procede desestimar el recurso, pues la falta de exposición del caso no es razón legal bastante para ello.

ID.—TRANSCRIPCIÓN DE AUTOS ARCHIVADA DESPUÉS DE LA MOCIÓN.—Presentada una moción de desestimación cuando ya ha sido radicada la transcripción de autos, aunque fuera del término prescrito por la ley, esa presentación constituye impedimento eficaz para que prospere la moción.

Los hechos están expresados en la opinión.

Abogado del interventor: *Sr. Enrique Campillo.*

Abogados del demandante: *Sres. Rafael Arce* y *M. Tous Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En recurso de *certiorari* promovido ante la Corte de Distrito de Humacao por Miguel Chiqués contra el Juez de la Corte Municipal de Caguas, Ricardo Diez, y otros, con motivo de procedimientos seguidos en dicha corte municipal para ejecutar sentencia dictada en juicio seguido por Miguel Santiago contra el Chiqués, sobre daños y perjuicios, la corte de Humacao declaró sin lugar aquel recurso por resolución de 14 de noviembre de 1917.

De la anterior resolución apeló Miguel Chiqués para ante esta Corte Suprema, habiendo radicado el escrito de apelación en la Corte de Distrito de Humacao el 13 de diciembre siguiente.

En 14 de enero del corriente año presentó moción a esta Corte Suprema, Miguel Santiago para que se desestimara el recurso de apelación por no haberse elevado aún la transcripción de autos, sin haberse solicitado prórroga para hacerlo, habiéndose desestimado tal moción por orden de 31 de enero citado, por el fundamento de no aparecer si existía o no exposición del caso al efecto de determinar si había vencido o no el término para radicar la transcripción.

La transcripción de autos, incluyendo en ella una exposición del caso aprobada por el juez de Humacao en 3 de enero de 1918, fué radicada en la secretaría de esta Corte Suprema el 5 de febrero próximo pasado.

En 27 del propio febrero presentó Miguel Santiago una moción para que fuera reconsiderada la orden de 31 de enero, eliminando de la transcripción de autos la exposición del caso y desestimando en su consecuencia el recurso, toda vez que la corte de Humacao por orden de 16 de febrero dispuso fuera eliminada de los autos originales por no existir evidencia que pudiera ser materia de la exposición, por cuya razón la transcripción había sido presentada fuera del término legal, que debe contarse desde la fecha en que fué interpuesto el recurso de apelación.

Entendemos que si bien la exposición del caso ha sido eliminada por orden del juez de Humacao de los autos originales

y en su virtud debe tenerse por eliminada de la transcripción de autos, no por ello procede desestimar el recurso, pues la falta de exposición del caso no es razón legal bastante para tal desestimación según jurisprudencia repetida de este tribunal, y habiéndose presentado la última moción de destimación cuando ya había sido radicada la transcripción de autos, aunque fuera del término prescrito por la ley, esa presentación constituye impedimento eficaz para que prospere la moción, según la sección 58 del Reglamento de esta Corte Suprema y la jurisprudencia constante establecida sobre el particular. Y no obsta a ello la primera moción de desestimación, pues esa fué resuelta en sentido negativo por orden de 31 de enero, contra la que no podemos volver en virtud de hechos posteriores a la misma.

Por las razones expuestas debe entenderse por eliminada la exposición del caso de la transcripción de autos y declararse sin lugar la desestimación del recurso.

*Eliminada la exposición del caso y declarada sin lugar la desestimación del recurso.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.